Our final case of the day today is Bowlin against the Judah Christian School. Ms. Hager. May it please the court, Bethany Hager, today on behalf of the plaintiff appellants, Ms. Bowlin, Ms. Humphreys, and Ms. Potest, we're asking that the court reverse and remand this matter for further trial proceedings and that the district court, we believe, incorrectly dismissed the plaintiff's claim for the plaintiff's opinion. The judge did not accurately and appropriately take plaintiff's allegations as true and all reasonable inferences in their behalf that was supposed to be given them and incorrectly found a reasonable accommodation that in fact did not exist in this in the sense of testing being offered to the plaintiffs in the place of the COVID-19 vaccine. When the plaintiffs objected to the COVID-19 vaccine mandate that was being asked of them as a condition of their continued employment, the burden then was on the employer to take that objection seriously and to accommodate it in ways that did not impose another burden on the plaintiffs the same or similar as what they had already objected to. And in fact, they did raise objections to the testing. Where in their complaint do they say that they have a religious objection to medical testing? To the testing? Yeah. That is in paragraphs 16 through 21. Does it say, does it talk anything about a religious objection or does it talk about they just don't like it, they have a moral? It is a moral objection. Is that a religious objection? It is. Matters of conscience are a religious objection in the Title VII context that deference is supposed to be given to the conscientious, their moral objection to the process that's being asked of them. Ms. Hager, when your clients went to the employer in the first instance, did they give them any more detail as to what those religious convictions were or did they just say it's against my religious beliefs? So there are three different schools involved, three different teachers, so three different sets of conversations and they did raise their specific objections to their respective employers and then conversations followed. So they did provide, so they did provide some more information other than just it violates my religious beliefs? Yes. And so, but the complaint doesn't do that. The complaint details that, for instance, they objected because of the link to abortion in the development of the vaccine, even in the development of the testing procedures, there was objections. Well, I'm wondering, like, for example, did, you know, one would expect someone that would approach an employer to say, you know, my religious background is X and according to that background, because of that background, I am objecting to such-and-such. Was that sort of information provided to the employer? It's my understanding they did include that in the conversations. And yet that's not including the complaint. Because it's plaintiffs position at the time of filing these complaints and bringing them to the courts for attention that in the context of that COVID-19 vaccine discussion, it is enough with all the murkiness that surrounded the vaccine and testing, it is enough that plaintiffs' employees raised the objection and said, this process that you're asking me to submit to cannot in good conscience comply with what you're asking me to do in order to keep my job. And when they raised that objection, especially with regard to the vaccine, then they were told, well, then you have to submit to testing, which is akin to being told, well, we'll respect your religious beliefs, your conscious objection, but we're going to slap this badge on you so everybody knows. And that is not what Title VII and the case law surrounding Title VII requires of the employer to do. The other issues are addressed in the pleadings and the briefs. If there's no other question at this time, I understand there's many on the other side to speak, so I will reserve time for rebuttal. Certainly, counsel. Mr. Slade. Good morning, Your Honors. May it please the Court. My name is Randall Slade. I represent Judah Christian School in this matter. In September 2021, during the ongoing COVID-19 crisis, Governor Pritzker issued Executive Order 2021-22. At issue in this litigation is Section 3 of that order, titled Vaccination and School Personnel who are not fully vaccinated against COVID-19 from the premises unless they comply with the testing requirements specified in Subsection D. Subsection D essentially provides that unvaccinated employees would not be excluded if they tested weekly for COVID-19. No other alternatives or accommodations were provided by the Executive Order. Under the Executive Order, school personnel must vaccinate or test weekly or they I'm just curious. If someone came to you and said, you know, I have these genuinely held religious beliefs and you agreed that they were genuine and genuinely held and they said I can't submit to the vaccine and I can't submit to testing. What other alternatives do they have? I am not aware of an alternative because it would require the school to essentially say we're not going to comply with state law. The school's in a position and this isn't with respect to the undue hardship argument, which I don't think the court needs to get to, but that places an undue hardship on the school of having to say we're not going to follow the law and potentially expose ourselves to action from the state, licensing issues, all sorts of Pandora's box of potential consequences for a school for refusing to comply with what they understood and my client certainly understood to be a valid Executive Order that they had to follow. So the only choice that that person would have would be to challenge the Executive Order itself? In setting aside, you know, that testing is the reasonable accommodation for vaccination, if there is sincere religious objection to testing, I don't think there is another alternative for our clients. They can either violate the Executive Order and allow the individual to stay on school grounds or they have to exclude them pursuant to the Executive Order. I've read the Executive Order many times and I don't think there's any wiggle room on that issue. So the defendants are thus placed in a position they're required by the Executive Order to exclude unvaccinated personnel that did not agree to test weekly for COVID-19. The plaintiffs in this case sought an exemption for vaccination due to sincerely held religious beliefs and the defendants agreed to accommodate those. The Executive Order does not mandate vaccination. It does allow for testing for those with religious objections to vaccination or any other objection to vaccination. There may be medical objections or, you know, any other objection you can think of why someone would not be vaccinated. The plaintiffs refused to test and were excluded as the defendants in this case were required to do. While Title VII does require employers to reasonably accommodate religious beliefs, in this case that's what the defendants did, which is what Judge Lawless found as the accommodation of testing is certainly a reasonable accommodation for someone that does not want to vaccinate. Plaintiffs would not have to vaccinate and violate their religious beliefs. An accommodation need not to be preferred or most beneficial to the employee under the case law. This removed the conflict between the plaintiffs and the religious objection to vaccination. I do know my Thank you, Mr. Slade. Thank you. Ms. Nicholas. Thank you. May it please the court, my name is Susan Nicholas. I'm here on behalf of Staunton Community School District number six and I would like if possible to address the issue with the failure to actually state a cause of protection under a Title VII and this is due to the failure to assert a religious belief that's entitled to protection under the law. While there is broad, broad definition for what constitutes a religious belief, in general it must both fit into a person's own scheme of things and occupy a place parallel to that felt by God in a traditional religious person. And we contend and contended in the lower court that there was no such allegation in this complaint. While there was an allegation about a religious objection to the vaccination, at no point did any of the defendants make an effort to force the plaintiffs to get vaccinated. Instead, under the executive order, the if you do not vaccinate, then you must test on a weekly basis. And in looking at the complaint, there is no allegation of a religious objection to the testing requirements. There are allegations of moral consciousness, sincere beliefs that they don't want to submit to health care as competent adults. They should be able to do what they believe is medically necessary. And that they disagree with some of the reactions of asymptomatic testing, such as health complications of nosebleed, allergic reactions, and things of that nature. However, none of those things actually come up to the bar that is required by Title VII pleadings to entitle the plaintiffs to protection. And because of that, there's been an entire failure to state a cause of action, setting aside the accommodation that was effectively built into the executive order. And it's been held that social, political, and economic philosophical beliefs and personal perspectives and preferences are not the same as religious beliefs. What I would contend is that that is exactly what was alleged in plaintiff's complaint. And that's why they failed to assert a cause of action. In addition, even if the court were to find that there was sufficient language in the complaint to allege a religious belief, there's also the issue of undue hardship. And in this case, the accommodation requested would require a violation of the law, which in itself is an undue hardship. Thank you, counsel. Thank you. Ms. Satterley. Thank you, Your Honors, and may it please the Court. My name is Frazier Satterley, and my firm represents North Mac Community Unit, School District Number 34. I want to take a brief moment to address the claim that was made by Ms. Hager regarding the district's essentially slapping what is those folks who don't want to be vaccinated. And I think this is an important point. Anyone who did not want to vaccinate for any reason is subject to the same requirements. So that could be medical reasons. Someone has an allergy to the vaccine. It could be political. It could be religious, or they just plain forgot or didn't have time to go get the vaccine. All of the people who chose to remain unvaccinated for whatever reason had the ability to do so, and this applied blanketly to all of them. It was not tied to any religious beliefs asserted by plaintiffs, so they haven't asserted a religious tenet that's been violated here, nor does their complaint actually tie it to religion and that they were discriminated against specifically on their religion. The other discrete issue that I want to bring up with respect to my client is the 90-day limitation period set forth under Title IX. We believe that all the plaintiffs have an uphill battle here. I believe that's especially true for Plaintiff Amanda Humphreys, who is NorthMAC's former employee. Her claim is time barred where she failed to file a complaint within the 90-day period following receipt of the notice of her right to sue letter. The district has consistently pled, both in the lower court and here on appeal, that Plaintiff Humphreys is The district's claims in that regard have been met with silence, and it's our position that that silence is deafening. They've made one conclusory allegation in their complaint saying that all plaintiffs have timely filed their claims with the EEOC and have either received within the past 90 days or expect to receive their right to sue letters. There's no indication in the complaint as to which plaintiff received notice or when, but in Plaintiff Humphreys' case specifically, we know that the EEOC letter was issued on August 15, 2022 because we received the notification via the Respondents Portal as well. The initial complaint was not filed until November 15th of 2022, and that's 92 days after receipt of the notice to write to sue. Now, the 90-day timeframe, it's not a recommendation, it's not a guidepost, it is strictly applied. So even if a complaint is filed on the 91st day, it is time barred under this requirement for Title VII. The district court noted this in its opinion that was issued on September 28th of 2023, and despite the fact that the lower court found that it was time barred with respect to Plaintiff Humphreys, Plaintiff Humphreys again did not address that argument here on appeal. So it's our contention that with respect to North Mack, her claim is time barred, but in any event, on the merits, the district court properly concluded that they failed to state a prima facie plan. Thank you. Thank you, Ms. Satterley. Anything further, Ms. Hager? With brief regard to the allegations about the 90-day time limit, again on the face of the complaint, which must be taken as true, plaintiffs allege that they... It's too late to argue this. All right. Thank you, Your Honor. You ignored it in your opening brief, you didn't file a reply brief, that issue has been forfeited. Thank you, Your Honor. With regard to the executive order and its force as law, supposedly, we did address this. Youngstown, which is a United States Supreme Court case from 1952, says executive orders cannot change existing law, and that is remains the state of the law today, and it applies to Governor Pritzker's executive order as well, and the fact is that Illinois has a public health scheme to address the need for vaccines and for medical testing when those are required. That's in the public health code. In fact, Illinois even has a more specific statutory scheme. What accommodation did your clients request? They would have continued to comply with taking measures in response to symptoms, to staying home when sick. Be concrete. What accommodation did they request? They requested not having to submit to the vaccine, which... That's not an accommodation. Did they, for example, offer to wear high masks? For a time period prior to the eviction order, they had complied, or the executive order, they had complied with the school's requirements to wear masks, to stay home with symptoms, they would have continued to comply with those mitigation measures. Is this something that was argued to the school districts, to the schools? It was part of the conversations. I don't recall if it was something that's come up in the course of the litigation. Okay, thank you. Thank you. And again, the United States Supreme Court has said that these vaccine and response to disease mitigation are a public health issue, not a workplace safety issue. It wasn't the place of any of these school districts to step into that. It wasn't the place of the executive order to step into that. It had already been addressed. Illinois law addressed it, Title VII addressed it, and plaintiffs should be allowed to proceed with their claims. Thank you. Thank you very much. The case is taken under advisement and the court will be in recess.